MARY REYNOLDS, *Appellant*, v. J. WILSON CURRY, *Appellee.*

No. 16,218.

1. CONTRACTS—*Breach of Promise to Marry—Finding that no Contract Was Made.* In an action for the breach of an express oral contract to marry, the jury having found that no contract was made, a judgment for the defendant was affirmed.

2. ———— *Implied Contract—Instructions.* As the plaintiff sued upon an express contract, it was not error to refuse an instruction that a promise of marriage may be implied from acts and conduct.

Appeal from Jefferson district court; MARSHALL GEPHART, judge. Opinion filed December 11, 1909. Affirmed.

*D. H. Morse,* and *Henry Keeler,* for the appellant.

*John H. Atwood,* and *H. T. Phinney,* for the appellee.

*Per Curiam:* This action was brought by the appellant to recover damages for the breach of a marriage contract. She alleged and testified that there was an express oral contract of marriage made between her and the appellee, which he had broken. On the other hand, the appellee denied that there was such a contract, and testified that while he courted the appellant and discussed the marriage relation with her no promise or agreement was made, for the reason that she would not consent to the having and rearing of children. After hearing the testimony, which was conflicting, the jury made a finding that there was no engagement or contract of marriage, and this practically ends the controversy.

No error was committed in refusing to charge the jury that a promise of marriage might be inferred or implied from acts and conduct. As the appellant pleaded that the contract was an express oral one, and

also testified that it was one expressed in words, it was unnecessary to instruct on promises otherwise expressed.   In that connection the court did instruct that no particular form of words is essential to show an oral or verbal agreement to marry.

The jury having found that there was no marriage contract, the questions relating to a release from a contract are no longer material.

The judgment is affirmed.